FRANK A. WEISER (#89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)
maimons@aol.com

Attorney for Defendant
CHAMPAKBHAI B. AHIR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, | No. CV19-02376-SVW-SP |
| Plaintiff, | EX-PARTE APLICATION TO VACATE DEFAULT AND FOR LEAVE TO FILE ANSWER TO COMPLAINT; DECLARATION OF FRANK A. WEISER IN SUPPORT THEREOF |
| vs. | |
| CHAMPAKBHAI B. AHIR; and Does 1-10, inclusive, | DATE: (None)<br>TIME: (None)<br>CTRM: 10A |
| Defendants. | |

1

## DECLARATION OF FRANK A. WEISER

I, FRANK A. WEISER, do hereby declare:

1. I am the attorney for the Defendant CHAMPAKBHAI B. AHIR ("Defendant") and I make this declaration in support of this ex-parte application to vacate the default entered against the defendant on January 23, 2020 and for leave to file an answer to the complaint.

2. I was retained by the defendant on December 27, 2019 to defend him in this case and to file an answer to the complaint on his behalf.

3. I have been extremely backlogged in my heavy trial and appellate work due to both my personal illness and hospitalization, and my involvement recently with family medical issues regarding my daughter Cheryl Weiser and Susan Weiser.

4. In particular, over approximately the last three months I have been rather intensely involved in dealing with medical issues involving my daughter, Cheryl Weiser, and my wife Susan Weiser.

5. My daughter, Cheryl Weiser, has a large kidney stone herself that her urologiat has stated will require removal. She is being treated by Dr. Akhavein of Comprehensive Urology located at the Cedar-Sinai Medical Towers at 8631 W. 3rd St., #715E, Los Angeles, CA 90048, (310) 278-8330.

6. I have been involved in taking her and my wife for consultations with Dr. Akhavein and for a checkup and tests in preparation of the surgery with a Dr. Shiela Kar, a cardiologist, located at 150 Robertson Blvd., #115, Beverly Hills 90211, (310) 657-8500.

7. Attached hereto as Exhibit "A" is a receipt that I received by e-mail from Comprehensive Urology dated November 26, 2019 that I paid for another consultation with Dr. Akhavein on such date for my daughter regarding her upcoming surgery. I have redacted

2

the amount paid for privacy purposes.

8. Recently, in addition to the consultations and tests with Dr. Akhavein and Dr. Kar, my wife and I have been involved in having my daughter examined by other doctors for her upcoming operation

9. At present, it appears that my daughter will ber scheduled for surgery to remove the stone in March of this year.

10. Also, recently my wife Susan Weiser was seen herself by Dr. Cristina Palmer at Comprehensive Urology and was required to undergo a CT scan approximately seven weeks ago at Cedars-Sinai regarding a medical issue that only recently arose after she underwent a medical examination. I was involved recently in assisting my wife in having her take a follow up test with Dr. Palmer which she has now taken

11. Further adding to my backlog is the fact that over the last month I was preparing for a civil trial in which I defended the defendants entitled Greater Palm Springs Convention & Vistors Bureau v Red Roof Inn, et al.; Riverside Superior Court Case No. PSC 1806598.

12. Trial concluded in the case on Tuesday, January 7, 2020.

13. Shortly therafter, I was preparing and argued on January 9, 2020 before the United States Court of Appeals for the Ninth Circuit in an important civil rights case that I am prosecuting on behalf of an association of apartment owners in the City of San Jose entitled Dean Hotop, et al. v City of San Jose, Ninth Circuit Docket No. 18-16995.

14. Subsequent to this, I was preparing for two bench trials in the Los Angeles Superior Court that was heard on January 21, 2020 before the Honorable William Fahey, Judge Presiding in Department 69 of the Stanley Mosk Courthouse dealing with two motels that are contesting transient occupancy taxes assessed by the City of Los Angeles and that

involves, what I believe, are important and complex constitutional issues about the constitutionality of the City's tax ordinance.

15. Because of the above, I have become very backlogged in my heavy trial and appellate calendar, and I inadvertently miscalendered this matter and I did not file the answer to the complaint by the required due date...

16. Regarding my own medical condition, I was hospitalized at Cedars-Sinai Medical Center on an emergency basis because I fainted early Sunday morning in my home from severe dehydration. Attached hereto as Exhibit "B" is the first page of the discharge order that I received from Cedars-Sinai when I was discharged on the morning of March 18, 2019 and a letter from the internist who treated me.

17. I was admitted into Cedars on March 17, 2019 after I was taken to the emergency room by Los Angeles County Fire Paramedics and I was continually hydrated while I was in Cedars due to my condition..

18  Further, I have been seriously backlogged in my heavy trial and appellate calendar, which was exacerbated by the hospitalization, and I was also seriously ill over the last two years from a severe urinary tract infection and operation that caused me to be hospitalized at Cedars-Sinai Medical Center on an emergency basis that resulted in a surgical removal a large bladder stone that was causing the infection.

19. I was diagnosed in law school with Crohn's Disease, an inflammatory bowel illness, that resulted in my undergoing major bowel surgery at Cedars from a near fatal condition of toxic megacolon on December 12, 2009 and as a result I wear an ostomy device.

. 20  As I understand it, that has caused me to have a tendancy towards dehydtration and I have undergone two surgery's at Cedars, one in early 2014 and the other two years to

remove a large bladder stone.

24. My health condition has resulted in my backlog. also has contributed to my inability to meet the filing deadlines and in a recent civil rights case that I am appealing before the Ninth Circuit entitlred Jayantibhai Patel, et al. v City of Long Beach, ef al.; Ninth Circuit Docket No. 19-55646, on January 22, 2020, the Ninth Circuit granted my motion for leave to file a late Appellants' Opening Brief based on my medical and family health issues. (Ninth Circuit Docket No. 93).

25. Attached hereto as Exhibit "C" is the proposed Answer to Complaint.

26. Therefore, I respectfully request that the Court grant Appellants' motion to vacate the default and leave to file the attached Answer to Complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of January 2020 at Los Angeles, California.

/s/ Frank A. Weiser
FRANK A. WEISER

EXHIBIT "A"

11/27/2019

Your receipt from COMPREHENSIVE UROLOGY

From: COMPREHENSIVE UROLOGY (via Clover) <noreply@clover.com>
To: maimons <maimons@aol.com>
Subject: Your receipt from COMPREHENSIVE UROLOGY
Date: Tue, Nov 26, 2019 8:05 pm

COMPREHENSIVE
UROLOGY's
Logo

# COMPREHENSIVE UROLOGY
8631 W. THIRD ST. #715, LOS ANGELES, CA 90048
3103785950

November 26, 2019 · 8:05 PM



Full transaction receipt

View the Clover Privacy Policy

https://mail.aol.com/webmail-std/en-us/PrintMessage

1/4

EXHIBIT "B"

Dr. Jessica Yoon
8700 Beverly Blvd
Los Angeles CA 90048
Phone: 310-796-7204

March 17, 2019

Employee: Frank Weiser

To Whom It May Concern:

For medical reasons, please excuse Frank Weiser from work for the following dates:

    Start: March 17, 2019

    End: March 19, 2019

    Patient is recommended to return to his normal work on: March 25, 2019

If you need additional information, please feel free to contact our office.

Sincerely,

Dr. Jessica Yoon

## AFTER VISIT SUMMARY
Frank Weiser MRN: 080049782


CEDARS-SINAI
3-N  9/17/2019 - 9/18/2019

### Treatment Team
Provider
Yoon, Jessica, MD

Primary office phone
310-742-7204

### Your Latest Vitals

- Blood Pressure: 107/75
- BMI: 21.00
- Weight: 142 lb 3.2 oz
- Height: 5'9"
- Temperature (Oral): 97.9 °F
- Pulse: 75
- Respiration: 20
- Oxygen Saturation: 98%

### You are allergic to the following
No active allergies

### What's next

Schedule an appointment with Kyle S Kurek, MD as soon as possible for a visit in 1 week(s).
post discharge follow up

8950 WILSHIRE BLVD SUITE 323
BEVERLY HILLS CA 90211
310-855-1551

Schedule an appointment with Michael David Shore, MD as soon as possible for a visit in 1 month(s).
outpatient stress test

8631 W 3RD ST
SUITE 835E
LOS ANGELES CA 90048
310-248-8245

### Post Discharge Care Reminders

We stay in touch with our patients using HealthLoop, an online platform that lets us share important information about your care at Cedars-Sinai. You will receive an email to activate your account in the next few days. Once you log in, you will receive regular check-ins from Cedars-Sinai about your care.

### Medications

Important Medication Information:
- This list includes the medications your doctors with you to take right now. If you have medications at home which are not on this list, do not take them without speaking with your doctor first.

Frank Weiser (MRN: 080049782) 09/18/2019 · Printed at 9/18/19 10:09 AM
Page 1 of 10

EXHIBIT "C"

FRANK A. WEISER (#89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)
maimons@aol.com

Attorney for Defendant
CHAMPAKBHAI B. AHIR

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, | No. CV19-02376-SVW-SP |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| vs. | |
| CHAMPAKBHAI B. AHIR; and Does 1-10, inclusive, | |
| Defendants. | |

1

Defendant CHAMPAKBHAI B. AHIR ("Defendant"), for himself and himself only, hereby files an Answer to the Complaint ("Complaint") as follows:

### FIRST CLAIM FOR RELIEF

1. Defendant does not have sufficient information at this time and upon such a basis deny each and every allegation in paragraphs 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 as incorpoated by paragraph 26 of the Complaint and further denies paragraph 27(a)-(c), 28, 28, 29, 30, and 31 of the Complaint..

2. Defendant admits paragraphs 2, 3, 9, 10, as incorpoated by paragraph 26 of the Complaint.

### SECOND CLAIM FOR RELIEF

3. Defendant does not have sufficient information at this time and upon such a basis deny each and every allegation in paragraphs 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27(a)-(c), 28, 29, 30, 31 as incorporated in paragraph 32 of the Complaint, and further denies paragraphs 33, 34, 35 of the Complaint..

4. Defendant admits paragraphs 2, 3, 9, 10 of the Complaint as incorporated in paragraph 32 of the Complaint..

### FIRST AFFIRMATIVE DEFENSE

5. The Complaint and each claim for relief alleged against the Defendant herein, fails to state facts sufficient to constitute a claim for relief against the defendant.

### SECOND AFFIRMATIVE DEFENSE

6. The Complaint and each claim for relief alleged against the Defendant herein is barred by the fact that Plaintiff is attempting to acquire rights in violation of the Due Process Clause and Equal Protection Clause of the U.S. and California Constitutions.

### THIRD AFFIRMATIVE DEFENSE

3. The Complaint and each claim for relief alleged against the Defendant herein is barred in that Plaintiff lacks standing to bring this action.

### FOURTH AFFIRMATIVE DEFENSE

4. The Complaint and each claim for relief alleged against the Defendant herein is barred because Congress in enacting the ADA under 42 U.S.C. Section 12101, et seq. has exceeded its powers under Section 5 of the Fourteenth Amendment of the U.S. Constitution, since the remedial legislation enacted under the ADA is not "congruent and proportional" to the evidence in support of alleged violations against handicapped individuals.

### FIFTH AFFIRMATIVE DEFENSE

5. The Complaint and the each claim for relief alleged against the Defendant herein is barred because the Defendant without admitting jurisdiction or liability in any manner, is not the legally responsible party of this lawsuit.

### SIXTH AFFIRMATIVE DEFENSE

6. The Complaint and each claim for relief alleged against the Defendant herein is barred in that Plaintiff was not injured and further lacks Article III and prudential standing.

### SEVENTH AFFIRMATIVE DEFENSE

7. The Complaint and each claim for relief alleged against the Defendant herein is barred in that Plaintiff was not seeking or intending at any time relevant herein to be a customer of said subject property of this lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

8. The Complaint and each claim for relief alleged against the Defendant herein is barred in that Defendant at any time relevant herein was not the owner or in control of said subject property of this lawsuit.

**WHEREFORE** answering Defendant prays for judgment against Plaintiff as follows:

1. That the Plaintiff take nothing by way of the Complaint;

2. For costs of suit incurred herein;

3. For reasonable attorney fees;

4. For such other and further relief as the Court deems just and proper.

DATED: January 24, 2020         LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for
Defendant CHAMPAKBHAI B. AHIR

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial pursuant to F.R.C.P. 38.

DATED: January 24, 2020         LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for
Defendant CHAMPAKBHAI B. AHIR